IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| NECA-IBEW WELFARE TRUST FUND | ) |
| Plaintiffs, | ) |
| vs. | ) No. |
| TRI-CITY ELECTRIC COMPANY, INC. | ) |
| Defendant. | ) |

## COMPLAINT

NOW COME the Plaintiff, NECA-IBEW WELFARE TRUST FUND *et al*, by and through its attorneys, Cavanagh & O'Hara LLP, complaining of the Defendant, TRI-CITY ELECTRIC COMPANY, INC. and allege as follows:

### Count I

### NECA-IBEW WELFARE TRUST FUND

### DELINQUENT CONTRIBUTIONS

1. This is a civil action under the Employee Retirement Income Security Act of 1974, as amended from time to time and codified at 29 U.S.C. §1001 *et seq.* ("ERISA"), and the Labor Management Relations Act of 1947, as amended from time to time and codified at 29 U.S.C. §141 *et seq.* ("LMRA").

2. Plaintiff, NECA-IBEW Welfare Trust Fund, is an employee benefit fund maintained in accordance with the provisions of ERISA and the LMRA, and administered pursuant to the terms and provisions of an Agreement and Declaration of Trust, as amended and restated (the "trust agreement").

3. A copy of the trust agreement is attached hereto as Exhibit "A", and fully

1

incorporated herein and made a part hereof by this reference.

4. Federal District Courts have exclusive jurisdiction under ERISA over civil actions like the present action. (*See* 29 U.S.C. §1132).

5. Venue for civil actions like the present action is proper in a federal District Court where the breach took place, where a defendant resides or may be found, or where the plan is administered. (*See* §502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2)).

6. Plaintiff, NECA-IBEW Welfare Trust Fund's plan is administered in Macon County, Illinois at the address of 2120 Hubbard Avenue, Decatur, Illinois 62526-2871, which is located within the venue of the District Court for the Central District of Illinois.

7. The NECA-IBEW Welfare Trust Fund receives contributions from numerous employers, and therefore, is a multiemployer plan. (*See* 29 U.S.C. §1002).

8. Plaintiff provides benefits to the employees of participating employers who pay fringe benefit contributions to the Plaintiff on behalf of their employees.

9. The Defendant, TRI-CITY ELECTRIC COMPANY, INC. is an "Employer" engaged in an industry within the meaning of 29 U.S.C. §§1002 (5), (11), (12) and (14).

10. The business address for Defendant is Miami, Florida.

11. Defendant employs individuals who perform bargaining unit work for which fringe benefit contributions are owed under the provisions of a collective bargaining agreement to which Defendant is a party or otherwise bound (the "collective bargaining agreement").

12. The collective bargaining agreement binds the Defendant to the provisions of the Plaintiff's trust agreement.

13. Pursuant to the collective bargaining agreement and the trust agreement, the Defendant is required to report hours worked by its employees and make prompt payment of the

contributions owed to the Plaintiff.

14. Pursuant §1145 of ERISA, the Defendant is required to pay contributions to the Plaintiff in accordance with the terms and conditions of Plaintiff's trust agreement and to pay liquidated damages in the event said contributions are not timely made. (See 29 U.S.C. §1145).

15. Pursuant to the applicable provisions of ERISA, and the terms of the Plaintiff's trust agreement, Defendant owes interest on delinquent contributions of one and a half percent (1.5%) compounded monthly and, additionally, liquidated damages equal to ten percent (10%) of the unpaid contributions.

16. Liquidated Damages and interest are assessed when contributions are not paid by the fifteenth of the month following the month hours are worked.

17. Defendant employed individuals during the time of April 1, 2021, through current who performed work under the collective bargaining agreement for which contributions are owed to Plaintiff.

18. Defendant reported contributions of $300,348.56 for the month of April 2021.

19. Defendant paid the April 2021 contributions on September 24, 2021.

20. Defendant incurred liquidated damages of $30,034.86 and interest of $19,551.46 for failure to timely remit the April 2021 contributions.

21. Defendant reported contributions of $305,547.45 for the month of May 2021.

22. Defendant paid the May 2021 contributions on October 11, 2021.

23. Defendant incurred liquidated damages of $30,554.75 and interest of $17,780.35 for failure to timely remit the May 2021 contributions.

24. Defendant reported contributions of $220,586.96 for the month of June 2021.

25. Defendant paid the June 2021 contributions on October 11, 2021.

26. Defendant incurred liquidated damages of $22,058.70 and interest of $9,572.87 for failure to timely remit the June 2021 contributions.

27. Defendant reported contributions of $216,338.44 for July 2021, and $398,838.67 for August 2021. However, despite reporting these contributions, Defendant has failed to make timely payment for the months July 2021 through August 2021.

28. Defendant incurred liquidated damages of $61,517.71 and interest in the amount of $17,869.31 (which continues to accrue) for failure to timely pay July 2021 through August 2021 contributions.

29. Defendant has employed individuals for which contributions are required to be made to Plaintiff for September 2021, but Defendant has not reported or paid contributions for September 2021. Defendant is further liable for interest and liquidated damages on the September 2021 contributions.

30. Pursuant to the terms of the trust agreement, the Defendant is liable for reasonable attorneys' fees, court costs and all other reasonable expenses incurred by Plaintiff in the collection of delinquent contributions, liquidated damages, interest, and other collection costs.

31. Pursuant to §1132(g)(2) of ERISA, if judgment is entered in favor of Plaintiff in this matter, the Court shall award Plaintiff certain relief, including interest, liquidated damages or double interest, and attorneys' fees.  More specifically, §1132(g)(2) of ERISA provides as follows:

>   (g)   Attorney's fees and costs; awards in actions involving delinquent contributions

>   \*           \*           \*

>   **(2)**   In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan –

  **(A)** the unpaid contributions,

  **(B)** interest on the unpaid contributions,

  **(C)** an amount equal to the greater of –

    **(i)** interest on the unpaid contributions, or

    **(ii)** liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

  **(D)** reasonable attorney's fees and costs of the action, to be paid by the defendant, and

  **(E)** such other legal or equitable relief as the court deems appropriate.

 For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of title 26.

(*See*, §1132(g)(2) of ERISA).

WHEREFORE, Plaintiff prays as follows:

A. That judgment is entered in favor of Plaintiff, NECA-IBEW WELFARE TRUST FUND, and against TRI-CITY ELECTRIC COMPANY, INC. for contributions of $615,177.11 for the months of July 2021 through August 2021, and interest of $64,773.99 and liquidated damages of $144,166.01 owed to Plaintiff for the months of April 2021 through August 2021, as well as all other amounts due to be owed at the time of judgment.

B. That TRI-CITY ELECTRIC COMPANY, INC. is ordered to pay to Plaintiff its reasonable attorneys' fees and costs, as provided by Plaintiff's Trust Agreement and ERISA (29 U.S.C. Section 1132(g)(2));

      C.     That TRI-CITY ELECTRIC COMPANY, INC. is ordered to pay to the Plaintiff all of Plaintiff's costs attendant to these proceedings.

      D.     That Plaintiff is awarded, at Defendants' cost, such further and other relief as may be available under ERISA, the collective bargaining agreement, the trust agreement or as is otherwise just and equitable.

Respectfully submitted,

NECA-IBEW WELFARE TRUST FUND,
Plaintiff,

By:     s/ Jacob A. Blickhan
      JACOB A. BLICKHAN
      CAVANAGH & O'HARA LLP
      Attorneys for Plaintiff
      2319 West Jefferson
      Springfield, IL 62702
      Telephone (217) 544-1771
      Facsimile (217) 544-9894
      jacobblickhan@cavanagh-ohara.com